Dale R. Cockrell
Jay T. Johnson
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile:  (406) 756-6522
Email: dcockrell@mcgalaw.com
          jjohnson@mcgalaw.com

*Attorneys for Plaintiffs: Gateway Hospitality Group Inc.;*
*Western Hospitality Group, LP d/b/a Hilton Garden Inn Missoula;*
*Kalispell Hotel, LLC d/b/a Hilton Garden Inn Kalispell*

Jory C. Ruggiero, Esq.
Domenic A. Cossi, Esq.
WESTERN JUSTICE ASSOCIATES, PLLC
303 West Mendenhall, Suite 1
Bozeman, Montana 59715
(406) 587-1900

*Attorneys for the Plaintiffs Bozeman Lodging Investors, LLC*
*d/b/a Hilton Garden Inn Bozeman and JWT Hospitality*
*Group, LLC d/b/a Hilton Garden Inn Billings*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| GATEWAY HOSPITALITY GROUP INC.; WESTERN HOSPITALITY GROUP, LP d/b/a HILTON GARDEN INN MISSOULA; KALISPELL HOTEL, LLC d/b/a HILTON GARDEN INN KALISPELL; BOZEMAN LODGING INVESTORS, LLC d/b/a HILTON GARDEN INN BOZEMAN; JWT HOSPITALITY GROUP, LLC d/b/a HILTON GARDEN INN BILLINGS; and JOHN DOES 1-5, <br><br> Plaintiffs, <br><br> v. <br><br> PHILADELPIA INDEMNITY INSURANCE COMPANY; and JOHN DOES I-X. <br><br> Defendants. | Cause No. CV-18-  -M- <br><br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiffs Gateway Hospitality Group Inc. ("Gateway");

Western Hospitality Group, LP d/b/a Hilton Garden Inn Missoula ("HGI

Missoula"); and Kalispell Hotel, LLC d/b/a Hilton Garden Inn Kalispell ("HGI

Kalispell"), Bozeman Lodging Investors, LLC d/b/a Hilton Garden Inn Bozeman

("HGI Bozeman"; JWT Hospitality Group, LLC d/b/a Hilton Garden Inn Billings

("HGI Billings") (collectively "Plaintiffs"), by and through counsel and in their

Complaint and Demand for Jury Trial, state as follows:

## Parties, Jurisdiction and Venue

1.      Plaintiffs assert this claim pursuant to 28 U.S.C. § 2201, *et. seq.* for a declaration of their rights under an insurance policy issued to Plaintiff Gateway, and each of the additional named insureds, including Plaintiffs HGI Missoula, HGI Kalispell, HGI Bozeman, and HGI Billings, as alleged below.

2.      Plaintiffs ask this Court to declare their rights under the insurance policy issued by Defendant Philadelphia Indemnity Insurance Company ("Philadelphia") to Plaintiffs in relation to claims in the settled class action *Pam Walter, et al. v. Gateway Hospitality Group, Inc., et. al.*, Fourth Judicial District Court, Missoula County, DV 15-196 ("*Walter* class action").

## Parties

3.      Plaintiffs incorporate the foregoing allegations as is fully restated herein.

4.      Plaintiff Gateway is a corporation organized under the laws of Ohio, with its principal place of business located in Twinsburg, Ohio. Gateway is a hotel management company, including "food and beverage management" for hotels operating in Montana, and which are the subject of this litigation.

5.      Gateway procured insurance from Philadelphia on behalf of Plaintiffs as a part of its responsibilities enumerated in its contract with Plaintiffs to manage Plaintiffs' hotels.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

6.     Plaintiff HGI Missoula is an also additional named insured under the insurance policy issued to Gateway. HGI Missoula is a Limited Partnership organized under the laws of the state of Montana, with its principal place of business located in Missoula, Montana.

7.     Plaintiff HGI Kalispell is an also additional named insured under the insurance policy issued to Gateway. HGI Kalispell is an LLC organized under the laws of the state of Montana, with its principal place of business located in Kalispell, Montana.

8.     Plaintiff HGI Bozeman is an additional named insured under the insurance policy issued to Gateway.  HGI Bozeman is an LLC organized under the laws of the state of Montana, with its principal place of business located in Bozeman, Montana.

9.     Plaintiff HGI Billings is an additional named insured under the insurance policy issued to Gateway.  HGI Billings is an LLC organized under the laws of the state of Montana, with its principal place of business located in Billings, Montana.

10.     Defendant Philadelphia is a corporation organized under the laws of Pennsylvania, with its principal place of business located in Philadelphia, Pennsylvania.  Defendant Philadelphia is a necessary party to this action pursuant

to Mont. Code Ann. § 27-8-301 because it denied a duty to defend and indemnify Plaintiffs under its insurance policy in the *Walter* class action.

11.    John Does I-X are entities or individuals involved in the denial of the Plaintiffs' request for defense and indemnification whose true names are unknown at the present time.

## Jurisdiction and Venue

12.    Plaintiffs incorporate the foregoing allegations as fully re-stated herein.

13.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332 based on complete diversity of citizenship and the amount in controversy exceeds $75,000.00.

14.    Venue is appropriate in the Missoula Division of the District Court of Montana pursuant to Local Rule 1.2(c)(5) because Plaintiffs HGI Missoula and HGI Kalispell do business in Missoula and Flathead Counties and the *Walter* class action was filed in Missoula County, Montana.

## Underlying Claims

15.    Plaintiffs incorporate the foregoing allegations as fully restated herein.

16.    Philadelphia is in the business of providing insurance.

17.    Plaintiff Gateway is in the business of operating and managing hotels, as well as the food and beverage "banquet"' services offered within those hotels.

18.     Plaintiff HGI Missoula owns the Hilton Garden Inn in Missoula, Montana and hired Plaintiff Gateway to operate and manage that hotel.

19.     Plaintiff HGI Kalispell owns the Hilton Garden Inn in Kalispell, Montana and hired Plaintiff Gateway to operate and manage that hotel.

20.     Plaintiff HGI Bozeman owns the Hilton Garden Inn in Bozeman, Montana and hired Plaintiff Gateway to operate and manage that hotel.

21.     Plaintiff HGI Billings owns the Hilton Garden Inn in Billings, Montana and hired Plaintiff Gateway to operate and manage that hotel.

22.     In its management of Plaintiffs' hotels in Missoula, Kalispell, Bozeman and Billings, Plaintiff Gateway had the exclusive authority and duty to direct, supervise, manage, and operate the hotels on a day-to-day basis in an efficient and economical manner and was required to use commercially reasonable efforts to operate the hotel consistent with the standards prevailing in other similar first class hotels.

23.     A part of Plaintiff Gateway's responsibilities in managing the hotels for Plaintiffs was hiring, paying and supervising all personnel for the hotels, which included food and beverage banquet server-employees to set up food and drinks before an event, serve during the event, and clean up after the event was completed.

24.     As another part of the Plaintiff Gateway's management responsibilities, it was responsible for generating banquet service agreements.

25.     In 2015, employees of HGI Missoula, HGI Kalispell, HGI Bozeman and HGI Billings filed suit against Plaintiffs, i.e., the *Walter* class action, alleging that the banquet service agreements included an 18%-20%, additional charge on banquet services that are sold to customers, known as a "service charge" or "set up fee" which was allegedly not distributed to the server-employees.

26.     The *Walter* class plaintiffs filed suit against Plaintiffs alleging that this 18%-20% additional charge was retained instead of distributed to the server-employees, that customers were misinformed that employees received the gratuity and that the retention of the gratuity affected their benefits at employees.

27.     The *Walter* class action was venued in the state Fourth Judicial District, Missoula County.

### Philadelphia's Insurance Policy

28.     Plaintiffs incorporate the foregoing allegations as is fully restated herein.

29.     Philadelphia issued the Philadelphia Policy, a Commercial Lines Policy to Gateway and additional insureds HGI Missoula, HGI Kalispell, HGI Bozeman and HGI Billings.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

30.    The Philadelphia Policy contains no Table of Contents or Notice of Important Provisions Section.

31.    The Philadelphia Policy does not contain a choice of law provision.

32.    The Philadelphia Policy contains various definitions and exclusions that Philadelphia asserted excuse its defense and indemnity obligations to Plaintiffs in the *Walter* class action.

33.    However, when the Philadelphia Policy is read as a whole it either explicitly provides for defense and indemnity or it is ambiguous.

34.    The Philadelphia Policy also lacks sufficient notice of sections potentially defeating coverage and violates the reasonable expectations of Plaintiffs,  entitling Plaintiffs to a defense and indemnity for the claims asserted in the *Walter* class action.

35.    On or about March 3, 2015, Plaintiffs submitted a claim directly to Philadelphia under the Philadelphia Policy for a defense and indemnity in the *Walter* class action.

36.    On May 29, 2015, Philadelphia denied defense and indemnity to Plaintiffs in the *Walter* class action.

37.    In its denial, Philadelphia did not resolve any factual disputes in the *Walter* class action complaint in Plaintiffs' favor.  Philadelphia could not make an unequivocal demonstration that the *Walter* calls action did not fall within the

Philadelphia Policy's coverage.  As a result, Philadelphia had a duty to defend Plaintiffs in the *Walter* class action.  Philadelphia breached that duty.

38.     The *Walter* class action settled at mediation on February 23, 2016, and the settlement was approved by the Montana Fourth Judicial District Court on August 3, 2016.

39.     Plaintiffs paid a significant amount of their own funds in the settlement.

40.     The Philadelphia Policy is ambiguous at best and required a defense and indemnity for Plaintiffs for the allegations in the *Walter* class action.

41.     The insurance contract provided by Philadelphia to Plaintiffs violates Plaintiffs' reasonable expectations and required a defense and indemnity in the *Walter* class action.

## COUNT I (DECLARATORY JUDGMENT)

42.     Plaintiffs incorporate the foregoing allegations as if fully restated herein.

43.     Plaintiffs are entitled to a declaratory judgment that the Philadelphia Policy is ambiguous, lacks notice of provisions potentially defeating coverage and violates the reasonable expectations of Plaintiffs.

44.     Accordingly, the claims in the *Walter* class action required a defense and indemnity by Philadelphia for Plaintiffs pursuant to the Philadelphia

Policy.

## COUNT II (BREACH OF CONTRACT)

45.     Plaintiffs incorporate the foregoing allegations as if fully restated herein.

46.     Philadelphia breached its contract when it failed to defend and indemnify Plaintiffs, leading Plaintiffs to pay a significant amount of their own funds to settle the *Walter* class action.

47.     Philadelphia's breach of contract caused damages to Plaintiffs, including but not limited to the payment of their own funds to settle the *Walter* class action, interest and attorney fees.

WHEREFORE, Plaintiffs request the following relief:

1.     A declaration that Philadelphia wrongfully failed to defend and must indemnify Plaintiffs for the settlement of the *Walter* class action;

2.     Attorney fees and costs pursuant to 28 U.S.C. § 2201, *et. seq.*, insurance exception to the American Rule, and any other applicable law;

3.     Compensatory and consequential damages, including, but not limited to, attorney fees, interest and costs, for Philadelphia's breach of contract;

4.     Any other relief allowable by law that this Court deems proper.

Dated this 31st day of July, 2018.

MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.


/s/ Dale R. Cockrell
Dale R. Cockrell
Jay T. Johnson
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile:  (406) 756-6522
Email: dcockrell@mcgalaw.com
        jjohnson@mcgalaw.com

*Attorneys for Plaintiffs Gateway Hospitality
Group, Inc.; Western Hospitality Group, LP
d/b/a Hilton Garden Inn Missoula; and
Kalispell Hotel, LLC d/b/a Hilton Garden
Inn Kalispell*

WESTERN JUSTICE ASSOCIATES,
PLLC


/s/ Domenic A. Cossi
JORY C. RUGGIERO, ESQ.
DOMENIC A. COSSI, ESQ.
303 West Mendenhall, Suite 1
Bozeman, Montana 59715
(406) 587-1900

*Attorneys for the Plaintiffs Bozeman
Lodging Investors, LLC d/b/a Hilton Garden
Inn Bozeman and JWT Hospitality
Group, LLC d/b/a Hilton Garden Inn
Billings*